

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2010

# In Re: Robert Gene Rega

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4168

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In Re: Robert Gene Rega " (2010). *2010 Decisions*. Paper 2018.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2018

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4168
_____

IN RE: ROBERT GENE REGA,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 08-cv-00156)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 30, 2009
Before:  Chief Judge SCIRICA, WEIS AND GARTH, Circuit Judges
Opinion filed   January 25, 2010
_____

OPINION
_____

PER CURIAM.

        Petitioner Robert Gene Rega, proceeding pro se, filed this mandamus

petition pursuant to 28 U.S.C. § 1651(a), seeking an order compelling the District Court

to adjudicate petitioner's motion to compel discovery.  For the reasons that follow, we

will deny the petition.

**I.**

Rega is currently an inmate at the State Correctional Institution ("SCI") at Greene, in Waynesburg, Pennsylvania. On February 6, 2008, Rega filed a civil rights action in the Western District of Pennsylvania against the Secretary of the Department of Corrections ("DOC") and other DOC and SCI officials, alleging a failure to protect and/or intervene in connection with an assault by another inmate, deliberate indifference to his serious medical needs, and retaliation.

Rega alleges that on or about May 25, 2009, he issued discovery requests to the named defendants. On July 15, 2009, Rega filed a motion to compel responses to his discovery requests. Rega supplemented this motion on July 27, 2009. Defendants opposed the motion, and on August 31, 2009, Rega filed a reply.[1] On October 26, 2009, Rega filed the instant petition for writ of mandamus seeking an order compelling the District Court to rule on his motion. Rega believes that the District Court's delay is preventing Rega from obtaining evidentiary support for his claims necessary to respond to defendants' anticipated motion for summary judgment.

**II.**

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See Kerr v. United States District Court, 426 U.S. 394, 402 (1976).

---

[1] On the same date, Rega also filed a motion to compel responses to plaintiffs' first and second set of interrogatories. That motion appears to be a separate motion to compel from the one at issue here.

2

Before a writ of mandamus will issue, the petitioner must establish that the writ is not being used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the desired relief, and that the right to the relief sought is "clear and indisputable." Id. at 403; see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

As a general rule, "matters of docket control and conduct of discovery" are within the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, mandamus may be warranted in cases where a district court's delay is "tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). This case, however, does not present such a situation. Rega filed his motion to compel on July 15, 2009, defendants' responded, and Rega filed a reply on August 31, 2009. A delay of four months in the disposition of a motion to compel "does not yet rise to the level of a denial of due process," and we are confident that the District Court will enter an order in due course. See Id. (holding that district court's delay of four months did not warrant mandamus relief).

Accordingly, Rega's mandamus petition will be denied. This denial is without prejudice to petitioner filing a new petition for writ of mandamus if the District Court does not act within 120 days of the date of this order.

3